**COHELAN KHOURY & SINGER**
Timothy D. Cohelan (SBN 60827)
tcohelan@ckslaw.com
Isam C. Khoury (SBN 58759)
ikhoury@ckslaw.com
Rosemary C. Khoury (SBN 331307)
rkhoury@ckslaw.com
605 C Street, Suite 200
San Diego, CA 92101
Telephone: (619) 595-3001/Facsimile: (619) 595-3000

**KEEGAN & BAKER, LLP**
Patrick N. Keegan (SBN 167698)
pkeegan@keeganbaker.com
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008
Telephone: (760) 929-9303/Facsimile: (760) 929-9260

Attorneys for Plaintiff DARNELL WILLIAMS

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL WILLIAMS, individually and on behalf of all others similarly situated,<br><br>             Plaintiff,<br><br>     v.<br><br>TESLA, INC.,<br><br>             Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br><br>**(1)   BREACH OF CALIFORNIA CONSUMER PRIVACY ACT OF 2018, CAL. CIVIL CODE § 1798.150;**<br><br>**(2)   BREACH OF CALIFORNIA SECURITY NOTIFICATION LAW, CAL. CIVIL CODE § 1798.82;**<br><br>**(3)   VIOLATIONS OF THE CONFIDENTIALITY OF MEDICAL INFORMATION ACT, CAL. CIVIL CODE §§ 56 *ET AL.*;**<br><br>**(4)   VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*; AND**<br><br>**(5)   NEGLIGENCE**<br><br>**JURY TRIAL DEMANDED** |

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class Action Complaint

Plaintiff DARNELL WILLIAMS (or "Plaintiff"), by and through his attorneys, brings this class action on behalf of himself individually and all others similarly situated, against Defendant TESLA, INC. ("TESLA" or "Defendant"), and alleges upon information and belief as follows:

**INTRODUCTION**

1.      This class action arises from the negligent failure of TESLA to properly maintain the private, personal information of Plaintiff and all other persons similarly situated, which allowed such personal information to be obtained, misappropriated, and viewed by "two former Tesla employees" and shared, obtained, and viewed by a "foreign media outlet (named Handelsblatt)," resulting in violations of the California Consumer Privacy Act of 2018 ("CCPA"), Cal. Civil Code section 1798.150, the California Confidentiality of Medical Information Act ("CMIA"), Cal. Civil Code §§ 56, *et seq.*, and Cal. Business and Professions Code sections 17200, *et seq*. Under the CCPA and CMIA, Plaintiff, and all other persons similarly situated, have the right to expect that the confidentiality of their personal information in possession of TESLA to be reasonably maintained and protected from unauthorized access and exfiltration, theft, or disclosure. In fact, subdivision (a) of Cal. Civil Code section 1798.81.5 provides, *inter alia* that, "It is the intent of the Legislature to ensure that personal information about California residents is protected. To that end, the purpose of this section is to encourage businesses that … maintain personal information about Californians to provide reasonable security for that information." Additionally, subdivision (b) of Cal. Civil Code section 1798.81.5 provides that "a business that … maintains personal information about a California resident shall implement and maintain reasonable security procedures and practices appropriate to the nature of the information, to protect the personal information from unauthorized access, destruction, use, modification, or disclosure."

2.      Prior to and on May 10, 2023, Plaintiff was and is employed by TESLA, and TESLA maintains, in the ordinary course of business in its capacity as Plaintiff's employer, Plaintiff's personal information, including his name, address, phone number, and email address, date of birth, Social Security number, and health-related information. As alleged more fully

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

below, TESLA negligently maintained the personal information of Plaintiff and other persons similarly situated, prior to and on May 10, 2023, allowing such personal information to be obtained, misappropriated, and viewed by "two former Tesla employees" and shared, obtained and viewed by a "foreign media outlet (named Handelsblatt)," without prior written consent, due to TESLA's failure to implement and maintain reasonable and appropriate security procedures and practices to protect the personal information in its possession from unauthorized access and exfiltration, theft, or disclosure and to ensure the confidentiality of the "personal information," as defined by subparagraph (A) of paragraph (1) of subdivision (d) of Cal. Civil Code section 1798.81.5,[1] of Plaintiff and the Class (defined *infra*), in its possession, by failing to implement adequate and reasonable security controls and user authorization and authentication processes, by failing to properly and adequately educate and train its employees, by failing to limit the types of data permitted to be transferred, and failing to encrypt the "personal information," as defined by subparagraph (A) of paragraph (1) of subdivision (d) of Cal. Civil Code section 1798.81.5, of Plaintiff and the Class.

3.      In fact, on or about August 18, 2023, TESLA submitted to the California Attorney General and mailed to Plaintiff and the Class, a notice letter, on "Tesla" letterhead,

---

[1] "Personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of Cal. Civil Code section 1798.81.5 means either of the following: "An individual's first name or first initial and the individual's last name in combination with any one or more of the following data elements, when either the name or the data elements are not encrypted or redacted:

(i) Social security number.

(ii) Driver's license number, California identification card number, tax identification number, passport number, military identification number, or other unique identification number issued on a government document commonly used to verify the identity of a specific individual.

(iii) Account number or credit or debit card number, in combination with any required security code, access code, or password that would permit access to an individual's financial account.

(iv) Medical information.

(v) Health insurance information.

(vi) Unique biometric data generated from measurements or technical analysis of human body characteristics, such as a fingerprint, retina, or iris image, used to authenticate a specific individual. Unique biometric data does not include a physical or digital photograph, unless used or stored for facial recognition purposes.

(vii) Genetic data."

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

dated August 18, 2023, entitled "**Notice of Data Breach**," signed "Steven Elentukh[,] Data Privacy Officer," an exemplar of which is attached hereto as **Exhibit A**, stating in part, "we are writing to tell you about a data incident that involved your information," and informing them, in part, of "**What Happened [¶]** A foreign media outlet (named Handelsblatt) informed Tesla on May 10, 2023 that it had obtained Tesla confidential information. The investigation revealed that two former Tesla employees misappropriated the information ... and shared it with the media outlet. The outlet has stated that it does not intend to publish the personal information, and in any event, is legally prohibited from using it inappropriately." Additionally, the notice letter, on "Tesla" letterhead, dated August 18, 2023, entitled "**Notice of Data Breach**," signed "Steven Elentukh[,] Data Privacy Officer," an exemplar of which is attached hereto as **Exhibit A**, that was mailed to Plaintiff and Class Members who are similarly-situated employees, stated in part, "We also arranged resources to determine what data was involved and identify potentially affected individuals. As discussed below, we recently confirmed that certain employee-related records were among the confidential information affected as part of this incident. [¶] **What Information Was Involved** [¶] The personal information involved concerns data for certain current and former employees, including your name, certain contact information (such as address, phone number, and/or email address), date of birth, social security number, [and] health-related information that Tesla maintains in the ordinary course of business in its capacity as an employer." Based on the foregoing information, Plaintiff reasonable fears, believes and alleges that his first name or first initial and last name in combination with his address, phone number, and email address, date of birth, Social Security number, and health-related information was subject to unauthorized access and exfiltration, theft, or disclosure during the Data Breach, that occurred as a result of TESLA's violation of its duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information.

4.      Because Plaintiff alleges that TESLA breached its duty to implement and maintain reasonable and appropriate security procedures and practices to protect the personal information in its possession from unauthorized access and exfiltration, and ensure the

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

confidentiality of the personal information in its possession, Plaintiff, individually and on behalf of a Class of all others similarly situated, seeks damages from Defendant for negligence. Because Plaintiff also alleges that personal information, in the nonencrypted and nonredacted format, of Plaintiff and the Class was accessed or "obtained," and "misappropriated," exfiltrated, or stolen by "two former Tesla employees," and accessed, "shared," and disclosed to a "foreign media outlet (named Handelsblatt)," in violation of subdivision (a) of Cal. Civil Code section 1798.150, Plaintiff, individually and on behalf of all others similarly situated, seeks from Defendant injunctive relief under subparagraph (B) of paragraph (1) of subdivision (a) of Cal. Civil Code section 1798.150. Additionally, because Plaintiff also alleges Defendant's conduct violates subdivision (c) of Cal. Civil Code section 56.20, Plaintiff, individually and on behalf of all others similarly situated, seeks from Defendant compensatory damages, punitive damages, attorney's fees, and the costs of litigation under Cal. Civil Code section 56.35, and nominal damages and actual damages, if any, under subdivision (b) of Cal. Civil Code section 56.36. Additionally, because Plaintiff also alleges Defendant's conduct violates subdivision (a) of Cal. Civil Code section 1798.82, Plaintiff, individually and on behalf of all others similarly situated, seeks from Defendant damages under subdivision (b) of Cal. Civil Code section 1798.84, and injunctive relief under subdivision (e) of Cal. Civil Code section 1798.84. Additionally, because Plaintiff also alleges Defendant's conduct violates Cal. Business & Professions Code sections 17200, *et seq.*, Plaintiff, individually and on behalf of others similarly situated, seeks injunctive relief from Defendant under Cal. Business and Professions Code section 17203.

5.      This action, if successful, will enforce an important right affecting the public interest and would confer a significant benefit, whether pecuniary or non-pecuniary, on a large class of persons. Private enforcement is necessary and places a disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the matter, and therefore class certification is appropriate in this matter.

**JURISDICTION AND VENUE**

6.      Jurisdiction is proper in this Court under 28 U.S.C. § 1332 (diversity

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

jurisdiction). Specifically, this Court has subject matter and diversity jurisdiction over this action under 28 U.S.C. § 1332(d) because this is a class action where the amount in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, there are more than 100 members in the proposed class and at least one other Class Member is a citizen of a state different from Defendant.

7.     Defendant routinely conducts business in the State where this Judicial District is located, have sufficient minimum contacts in this State and have intentionally availed itself of this jurisdiction by marketing and selling products and services, and by accepting and processing payments for those products and services within this State.

8.     Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events that gave rise to Plaintiff's claims took place within this Judicial District, and Defendant does business in this Judicial District.

## PARTIES

**A.     PLAINTIFF**

9.     Plaintiff DARNELL WILLIAMS (or "Plaintiff") is and was, at all times relevant to this action, an employee of TESLA since June 15, 2015, employed by TELSA in the State of California at 45500 Fremont Blvd., Fremont, CA 94538 and within this Judicial District, a resident of the State of California and this judicial district, and citizen of the State of California. Plaintiff received a letter, addressed in his first and last name with his residential address, on "Tesla" letterhead, dated August 18, 2023, entitled "**Notice of Data Breach**," signed "Steven Elentukh[,] Data Privacy Officer," an exemplar of which is attached hereto as **Exhibit A**, stating in part, "we are writing to tell you about a data incident that involved your information," and informing them, in part, of "**What Happened [¶]** A foreign media outlet (named Handelsblatt) informed Tesla on May 10, 2023 that it had obtained Tesla confidential information. The investigation revealed that two former Tesla employees misappropriated the information ... and shared it with the media outlet. The outlet has stated that it does not intend to publish the personal information, and in any event, is legally prohibited from using it inappropriately." Additionally, the notice letter, on "Tesla" letterhead, dated August 18, 2023,

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

entitled "**Notice of Data Breach**," signed "Steven Elentukh[,] Data Privacy Officer," an exemplar of which is attached hereto as **Exhibit A**, stated in part, "We also arranged resources to determine what data was involved and identify potentially affected individuals. As discussed below, we recently confirmed that certain employee-related records were among the confidential information affected as part of this incident. [¶] **What Information Was Involved** [¶] The personal information involved concerns data for certain current and former employees, including your name, certain contact information (such as address, phone number, and/or email address), date of birth, social security number, [and] health-related information that Tesla maintains in the ordinary course of business in its capacity as an employer." An exemplar of TESLA's notice letter, dated August 18, 2023, entitled "**Notice of Data Breach**," signed "Steven Elentukh[,] Data Privacy Officer," that was submitted to the California Attorney General is attached hereto as **Exhibit A**. Based on the foregoing, Plaintiff reasonably fears, believes and alleges that his unencrypted personal information, including his first and last name, address, phone number, and email address, date of birth, Social Security number, and health-related medical information that Tesla maintains in the ordinary course of business in its capacity as his employer, has been obtained, misappropriated and viewed by "two former Tesla employees and shared, obtained and viewed by a "foreign media outlet (named Handelsblatt)," without his authorization, and has subjected him to injury and actual damage.

**B.    DEFENDANT**

10.    Defendant TESLA, INC. ("TESLA") is a Delaware corporation whose common stock trades on the Nasdaq Global Select Market under the trading symbol TSLA, that has a principal address located at 1 Tesla Road, Austin TX 78725, is registered to do business and does business in the State of California, including at a principal address located at 3500 Deer Creek Road, Palo Alto, California 94304, at its Fremont Factory located at 45500 Fremont Blvd, Fremont, California 94538 where TESLA produces vehicle models S, 3, X, and Y (as confirmed by TESLA's June 30, 2023 Quarterly Report filed pursuant to section 13 or 15(d) of the Securities Exchange Act of 1934 on Form 10-Q), at approximately 61 stores and galleries at locations throughout California, and at additional stores and galleries located in Arizona,

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Colorado, Connecticut, Delaware, District of Columbia, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nevada, New Jersey, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, Tennessee, Texas, Utah, Virginia, Washington, and Wisconsin, and employs more than 100,000 employee (as confirmed by its website, https://www.tesla.com/about). At all times relevant to this action, TESLA employed Plaintiff in California and employs other persons located in the California and in this judicial district. On or about August 18, 2023, TESLA caused notice letter, on "Tesla" letterhead, dated August 18, 2023, entitled "**Notice of Data Breach**," signed "Steven Elentukh[,] Data Privacy Officer," an exemplar of which is attached hereto as **Exhibit A**, to be submitted to the California Attorney General and to be mailed to Plaintiff and all others similarly situated.

11.    As of January 1, 2023, TESLA had annual gross revenues in excess of twenty-five million dollars ($25,000,000) in the preceding calendar year, as adjusted under paragraph (5) of subdivision (a) of Section 1798.185, as confirmed by TESLA's January 30, 2023 Annual Report filed pursuant to section 13 or 15(d) of the Securities Exchange Act of 1934 on Form 10-K for the fiscal year ending December 31, 2022, and Shareholder Deck, which stated, "In 2022, total revenue grew 51% YoY to $81.5B and net income (GAAP) more than doubled YoY to $12.6B."

12.    At all times relevant to this action, TESLA was and is a business that conducts business in California, is a "business" that "maintains personal information about a California resident" within the meaning of subdivision (b) of Cal. Civil Code section 1798.81.5, and maintains the "personal information" within the meaning of paragraph (1) of subdivision (d) of Cal. Civil Code section 1798.81.5 and subdivision (h) of Section 1798.82, of Plaintiff and the Class, a "business" within the meaning of subdivision (a) of Cal. Civil Code section 1798.80, maintains Plaintiff's and the Class Members' "records" within the meaning of subdivision (b) of Cal. Civil Code section 1798.82, that contain "personal information" within the meaning of subdivision (e) of Cal. Civil Code section 1798.80.

///

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1

**FACTUAL ALLEGATIONS**

2        13.      At all times relevant to this action, including the period prior to and on May 10,

3    2023, TESLA maintains personal information of Plaintiff and the Class, including their first

4    and last names, addresses, phone numbers, and email addresses, dates of birth, Social Security

5    numbers, and health-related medical information, in the ordinary course of business in its

6    capacity as an employer.

7        14.      Under the CCPA, TESLA had a duty to implement and maintain reasonable and

8    appropriate security procedures and practices to protect the personal information in its

9    possession from unauthorized access and exfiltration, theft, or disclosure and to ensure the

10   confidentiality of Plaintiff's and the Class Members' "personal information," as defined by

11   subparagraph (A) of paragraph (1) of subdivision (d) of Cal. Civil Code section 1798.81.5 and

12   subdivision (h) of section 1798.82, that it maintains in the ordinary course of business in its

13   capacity as an employer.

14       15.      Notwithstanding its duties under the CCPA, on or about August 18, 2023,

15   TESLA caused notice letter, on "Tesla" letterhead, dated August 18, 2023, entitled "**Notice of**

16   **Data Breach**," signed "Steven Elentukh[,] Data Privacy Officer," an exemplar of which is

17   attached hereto as **Exhibit A**, stating in part, "we are writing to tell you about a data incident

18   that involved your information," and informing them, in part, of "**What Happened [¶]** A

19   foreign media outlet (named Handelsblatt) informed Tesla on May 10, 2023 that it had obtained

20   Tesla confidential information. The investigation revealed that two former Tesla employees

21   misappropriated the information ... and shared it with the media outlet. The outlet has stated

22   that it does not intend to publish the personal information, and in any event, is legally

23   prohibited from using it inappropriately." Additionally, the notice letter, on "Tesla" letterhead,

24   dated August 18, 2023, entitled "**Notice of Data Breach**," signed "Steven Elentukh[,] Data

25   Privacy Officer," an exemplar of which is attached hereto as **Exhibit A**, stated in part, "We

26   also arranged resources to determine what data was involved and identify potentially affected

27   individuals. As discussed below, we recently confirmed that certain employee-related records

28   were among the confidential information affected as part of this incident. [¶] **What**

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

**Information Was Involved** [¶] The personal information involved concerns data for certain current and former employees, including your name, certain contact information (such as address, phone number, and/or email address), date of birth, social security number, [and] health-related information that Tesla maintains in the ordinary course of business in its capacity as an employer." An exemplar of TESLA's notice letter, on "Tesla" letterhead, dated August 18, 2023, entitled "**Notice of Data Breach**," signed "Steven Elentukh[,] Data Privacy Officer," was submitted to the California Attorney General is attached hereto as **Exhibit A**. Additionally, TESLA's notice letter, by including "a complimentary one-year membership of Experian's IdentityWorks," as required by subparagraph (G) of paragraph (2) of subdivision (d) of Cal. Civil Code section 1798.82, TESLA has conceded that it "was the source of the breach."

16.    California law requires a business to notify any California resident whose unencrypted personal information, as defined, was acquired, or reasonably believed to have been acquired, by an unauthorized person. Specifically, under subdivision (a) of Cal. Civil Code section 1798.82, "A person or business that conducts business in California, and that owns or licenses computerized data that includes personal information, shall disclose a breach of the security of the system following discovery or notification of the breach in the security of the data to a resident of California (1) whose unencrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person, or, (2) whose encrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person and the encryption key or security credential was, or is reasonably believed to have been, acquired by an unauthorized person and the person or business that owns or licenses the encrypted information has a reasonable belief that the encryption key or security credential could render that personal information readable or usable. The disclosure shall be made in the most expedient time possible and without unreasonable delay, consistent with the legitimate needs of law enforcement, as provided in subdivision (c), or any measures necessary to determine the scope of the breach and restore the reasonable integrity of the data system." Under subdivision (f) of Cal. Civil Code section 1798.82, California law also requires that a sample copy of a security breach notification sent to more than 500 California residents must

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

be submitted to the California Attorney General. TESLA caused notice letter, on "Tesla" letterhead, dated August 18, 2023, entitled "**Notice of Data Breach**," signed "Steven Elentukh[,] Data Privacy Officer," an exemplar of which is attached hereto as **Exhibit A**, to be submitted to the California Attorney General and to be mailed to Plaintiff and all others similarly situated. Because TESLA submitted its Notice of Data Breach form letter, attached hereto as **Exhibit A**, to the California Attorney General, TESLA has determined by its investigation and has conceded that Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code and subdivision (h) of Section 1798.82, including their first names or first initials and the last names and Social Security numbers, that was "misappropriated" by "two former Tesla employees" and "shared" with a "foreign media outlet (named Handelsblatt)," was either not encrypted at all, or if it was encrypted, the encryption has been breached by the unauthorized third parties, i.e. the "two former Tesla employees" and the "foreign media outlet (named Handelsblatt)." Additionally, because TESLA submitted its notice letter, on "Tesla" letterhead, dated August 18, 2023, entitled "**Notice of Data Breach**," signed "Steven Elentukh[,] Data Privacy Officer," attached hereto as **Exhibit A**, to the California Attorney General and mailed it to Plaintiff and other members of the Class, TESLA has conceded that Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code and subdivision (h) of Section 1798.82, including their first names or first initials and the last names and Social Security numbers, that was "misappropriated" by "two former Tesla employees" and "shared" with a "foreign media outlet (named Handelsblatt)," was in an nonencrypted and nonredacted format and thus, the unauthorized third parties, i.e. the "two former Tesla employees" and the "foreign media outlet (named Handelsblatt)," were able to actually view Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code and subdivision (h) of Section 1798.82, including their first names or first initials and the last names and Social Security numbers, that TESLA maintains in the ordinary course of business in its capacity as an

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1  employer. As a result, TESLA was negligent for failing to encrypt or adequately encrypt

2  Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of

3  paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code and subdivision (h)

4  of Section 1798.82, including their first names or first initials and the last names and Social

5  Security numbers, that that TESLA maintains in the ordinary course of business in its capacity

6  as an employer prior to and on May 10, 2023.

7       17.    Based on the foregoing unauthorized events stated in TESLA's notice letter that

8  he received, an exemplar of which is attached hereto as **Exhibit A**, Plaintiff alleges on

9  information and belief that at all times relevant to this action, including the period prior to and

10 on May 10, 2023, TESLA maintained Plaintiff's and the Class Members' "personal

11 information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section

12 1798.81.5 of the Cal. Civil Code and subdivision (h) of Section 1798.82, including their first

13 names or first initials and the last names and Social Security numbers, in the ordinary course of

14 business in its capacity as an employer.

15      18.    Based on the foregoing unauthorized events stated in TESLA's notice letter that

16 he received, an exemplar of which is attached hereto as **Exhibit A**, Plaintiff alleges on

17 information and belief that at all times relevant to this action, unauthorized third parties, i.e. the

18 "two former Tesla employees" and the "foreign media outlet (named Handelsblatt)," accessed

19 and acquired Plaintiff's and the Class Members' nonencrypted and nonredacted "personal

20 information," as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section

21 1798.81.5 of the Cal. Civil Code and subdivision (h) of Section 1798.82, including their first

22 names or first initials and the last names and Social Security numbers, as determined by

23 TESLA's investigation. Therefore, based on the foregoing unauthorized events stated in

24 TESLA's notice letter that he received, an exemplar of which is attached hereto as **Exhibit A**,

25 Plaintiff alleges on information and belief that at all times relevant to this action, Plaintiff's and

26 the Class Members' "personal information," as defined by subparagraph (A) of paragraph (1)

27 of subdivision (d) of section 1798.81.5 of the Cal. Civil Code and subdivision (h) of Section

28 1798.82, including their first names or first initials and the last names and Social Security

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

numbers, in an nonencrypted and nonredacted format, was "misappropriated" by "two former Tesla employees" and "shared" with a "foreign media outlet (named Handelsblatt)," as determined by TESLA's investigation, was subject to an unauthorized access and acquisition or exfiltration, theft, or disclosure.

19.    While TESLA had the resources necessary to protect and preserve confidentiality of Plaintiff's and the Class Members' "personal information," as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code and subdivision (h) of Section 1798.82, including their first names or first initials and the last names and Social Security numbers, that TESLA maintains in the ordinary course of business in its capacity as an employer, from unauthorized access and acquisition or exfiltration, TESLA neglected to adequately implement data security measures as required by the CCPA, despite its obligation to do so.

20.    Additionally, the risk of vulnerabilities in TESLA's computer and data servers of being exploited by an unauthorized third party trying to misappropriate Plaintiff's and the Class Members' "personal information," as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code and subdivision (h) of Section 1798.82, including their first names or first initials and the last names and Social Security numbers, that TESLA maintains in the ordinary course of business in its capacity as an employer was foreseeable and/or known to TESLA or should have been known by TESLA. The California Data Breach Report 2012-2015, issued in February 2016 by California Attorney General, Kamala D. Harris, reported, "Social Security numbers and medical information – was breached [more] than other data types." Moreover, the California Attorney General further reported, "People entrust businesses and other organizations with their data on the understanding that the organizations have a both an ethical and a legal obligation to protect it from unauthorized access." Moreover, as reported by Society for Human Resource Management (SHRM) on November 22, 2016, "Most [security] breaches won't be committed by nefarious, unknown forces. The damage will instead come from employees. IBM's 2016 Cyber Security Intelligence Index found that 60 percent of all breaches are carried out by

insiders, including current and former employees who—intentionally or unintentionally–take classified or proprietary information with them when they depart."[2]

21.     Regarding encryption, the California Attorney General instructed in California Data Breach Report 2012-2015, "As we have said in the past, breaches of this type are preventable. Affordable solutions are widely available: strong full-disk encryption on portable devices and desktop computers when not in use.[] Even small businesses that lack full time information security and IT staff can do this. They owe it to their patients, customers, and employees to do it now."

22.     Further, it was also foreseeable and/or known to TESLA or should have been known by TESLA that negligently maintaining Plaintiff's and the Class Members' "personal information," as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code and subdivision (h) of Section 1798.82, including their including their first names or first initials and the last names and Social Security numbers, that TESLA maintains in the ordinary course of business in its capacity as an employer in a manner that did not preserve the confidentiality of the information could have a devastating effect on them. As reported in the California Data Breach Report 2012-2015, "There are real costs to individuals. Victims of a data breach are more likely to experience fraud than the general public, according to Javelin Strategy & Research. In 2014, 67 percent of breach victims in the U.S. were also victims of fraud, compared to just 25 percent of all consumers."

23.     Based on the foregoing unauthorized events stated in TESLA's notice letter that he received, an exemplar of which is attached hereto as **Exhibit A**, Plaintiff alleges on information and belief that at all times relevant to this action, including the period prior to and on May 10, 2023, TESLA negligently maintained Plaintiff's and the Class Members' "personal information," as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code and subdivision (h) of section 1798.82, including their including their first names or first initials and the last names and Social Security numbers, in a

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

---

[2]    (https://www.shrm.org/resourcesandtools/hr-topics/technology/pages/employees-commit-most-data-breaches.aspx) last viewed 9/18/2023.

manner that did not preserve the confidentiality of the information, and negligently failed to protect and preserve confidentiality of Plaintiff's and the Class Members' personal information in their possession against unauthorized access and acquisition or exfiltration, theft, or disclosure, including but not limited to, failing to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information in its possession, by failing to implement adequate and reasonable security controls, user authorization and authentication processes, by failing to limit the types of data permitted to be transferred, and by failing to encrypt Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code and subdivision (h) of Section 1798.82, their including their first names or first initials and the last names and Social Security numbers.

24.     Had TESLA taken the above described appropriate preventive actions and encrypted Plaintiff's and the Class Members' "personal information," as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, their including their first names or first initials and the last names and Social Security numbers, and adopted and implemented adequate and reasonable security measures prior to and on May 10, 2023, TESLA could have prevented Plaintiff's and the Class Members' "personal information," as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, their including their first names or first initials and the last names and Social Security numbers, from unauthorized access and acquisition or exfiltration, theft, or disclosure by unauthorized third parties, i.e. the "two former Tesla employees" and the "foreign media outlet (named Handelsblatt)," prior to or on May 10, 2023.

25.     To date, other than offering "a complimentary one-year membership of Experian's IdentityWorks," as required by subparagraph (G) of paragraph (2) of subdivision (d) of section 1798.82 of the Cal. Civil Code, TESLA has not offered any monetary compensation for unauthorized access and acquisition or exfiltration, theft, or disclosure of Plaintiff's and the Class Members' "personal information," as defined by subparagraph (A) of paragraph (1) of subdivision (d) of Cal. Civil Code section 1798.81.5 and subdivision (h) of Cal. Civil Code

Section 1798.82, their including their first names or first initials and the last names and Social Security numbers. In effect, TESLA is shirking its responsibility for the harm TESLA has caused, while shifting the burdens and costs of its wrongful conduct onto Plaintiff and the Class.

### CLASS ACTION ALLEGATIONS

26.     Plaintiff brings this action on behalf of himself individually and on behalf of all others similarly situated. The putative class that Plaintiff seeks to represent is defined as follows:

> Class:   All persons to whom Tesla sent a letter, on "Tesla" letterhead, dated August 18, 2023, entitled "**Notice of Data Breach**," signed "Steven Elentukh[,] Data Privacy Officer," an exemplar of which is attached hereto as **Exhibit A**.

The officers and directors of TESLA are excluded from the Class. Additionally, the officers and directors of any "affiliate," "principal," and "subsidiary" of TESLA, as defined in the Corporations Code sections 150, 175, and 189, respectively, are excluded from the Class. Also excluded from the Class are the "two former Tesla employees," (whom TESLA fails to identify and are presently unknown to Plaintiff), that TESLA's "investigation revealed" "misappropriated" the personal information of Plaintiff and the Class and "shared it with the media outlet," as stated in TESLA's letter, on "Tesla" letterhead, dated August 18, 2023, entitled "**Notice of Data Breach**," signed "Steven Elentukh[,] Data Privacy Officer," letter, an exemplar of which is attached hereto as **Exhibit A**. Plaintiff reserves the right to amend or modify the Class definition with greater particularity or further division into subclasses or limitation to particular issues as warranted, and as additional facts are discovery by Plaintiff during his future investigations.

27.     This action is properly maintainable as a class action. The members of the Class are so numerous that joinder of all members is impracticable, if not completely impossible. While the exact number of the Class Members is unknown to Plaintiff at this time, such information can be ascertained through appropriate investigation and discovery. The

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

disposition of the claims of the members of Class through this class action will benefit both the parties and this Court. In addition, the Class is readily identifiable from information and records in the possession of TESLA and its agents, and the Class is defined in objective terms that make the eventual identification of Class Members possible and/or sufficient to allow members of the Class to identify themselves as having a right to recover.

28.     There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiff's claims are typical of the members of the Class, and Plaintiff can fairly and adequately represent the interests of the Class.

29.     Common questions of law and fact exist as to all members of the Class and the Class and predominate over any questions affecting solely individual members of the Class and the Class. Among the questions of law and fact common to the Class that predominate over questions which may affect individual Class Members, including the following:

a)     Whether Defendant maintained Plaintiff's and the Class Members' personal information, including their first names or first initials and their last names and Social Security numbers, prior to and on May 10, 2023;

b)     Whether Defendant implemented and maintained reasonable security procedures and practices to protect from access and exfiltration, and to ensure the confidentiality of Plaintiff's and the Class Members' personal information, including their first names or first initials and their last names and Social Security numbers, prior to and on May 10, 2023;

c)     Whether Plaintiff's and the Class Members' personal information, including their first names or first initials and their last names and Social Security numbers, prior to and on May 10, 2023, was subject to unauthorized access and exfiltration, theft, or disclosure by an unauthorized third party;

d)     Whether Defendant's notice dated August 18, 2023, that Plaintiff's and the Class Members' personal information, including their first names or first initials and their last names and Social Security numbers, was subject to unauthorized

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

access and exfiltration, theft, or disclosure by an unauthorized third party, provided the minimum amount information required by statute;

e)    Whether Defendant's notice dated August 18, 2023, that Plaintiff's and the Class Members' personal information, including their first names or first initials and their last names and Social Security numbers, was subject to unauthorized access and exfiltration, theft, or disclosure by an unauthorized third party, provided the minimum amount information required by statute, was given in the most expedient time possible and without reasonable delay required by statute;

f)    Whether Defendant's conduct constitutes unlawful and/or unfair practices in violation of Business and Professions Code sections 17200, *et seq*.; and

g)    Whether Plaintiff and the Class are entitled to actual damages, and/or statutory damages, and/or injunctive relief.

30.    Plaintiff's claims are typical of those of the other Class Members because Plaintiff, like every other Class Member, was exposed to virtually identical conduct and now suffers from the same violations of the law as other Class Members.

31.    Plaintiff will fairly and adequately protect the interests of the Class. Moreover, Plaintiff has no interest that is contrary to or in conflict with those of the Class he seeks to represent. In addition, Plaintiff has retained competent counsel experienced in class action litigation to further ensure such protection and intend to prosecute this action vigorously.

32.    The nature of this action and the nature of laws available to Plaintiff and the members of Class make the use of the class action format a particularly efficient and appropriate procedure to afford relief to Plaintiff and Class for the claims alleged and the disposition of whose claims in a class action will provide substantial benefits to both the parties and the Court because:

a)    If each member of the Class were required to file an individual lawsuit, TESLA would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual member of the Class with its vastly superior financial and legal resources;

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

b)    The costs of individual suits could unreasonably consume the amounts that would be recovered;

c)    Proof of a common business practice or factual pattern which Plaintiff experienced is representative of that experienced by the Class and will establish the right of each of the members to recover on the causes of action alleged;

d)    Individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation;

e)    TESLA has acted or refused to act on grounds generally applicable to the Class as a whole, thereby making it appropriate to render judgment with respect to the Class as a whole in this litigation; and

f)    The disposition of the claims of the members of Class through this class action will produce salutary by-products, including a therapeutic effect upon those who indulge in unlawful practices, and aid to legitimate business enterprises by curtailing unlawful competition.

33.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the Defendant in the State of California and would lead to repetitious trials of the numerous common questions of fact and law in the State of California. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. As a result, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

34.    Notice to the members of the Class may be made by e-mail or first-class mail addressed to all persons who have been individually identified by Defendant and who have been given notice of the Data Breach.

35.    Plaintiff and the Class have suffered irreparable harm and damages because of Defendant's wrongful conduct as alleged herein. Absent certification, Plaintiff and the Class will continue to be damaged and to suffer by the unauthorized access, exfiltration, theft, and/or

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

disclosure of their personal information, thereby allowing these violations of law to proceed without remedy.

36.    Moreover, Plaintiff's and the Class Members' individual damages are insufficient to justify the cost of litigation, so that in the absence of class treatment, Defendant's violations of law inflicting substantial damages in the aggregate would go unremedied. In addition, Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the Class, thereby making appropriate final injunctive relief with respect to, the Class as a whole.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
**Breach of California Consumer Privacy Act of 2018**
**Cal. Civil Code § 1798.150**
**(On Behalf of Plaintiff and the Class Against Defendant)**

37.    Plaintiff incorporates by reference all of the above paragraphs of this complaint as if fully stated herein.

38.    California law provides, under paragraph (1) of subdivision (a) of Cal. Civil Code section 1798.81.5, "It is the intent of the Legislature to ensure that personal information about California residents is protected. To that end, the purpose of this section is to encourage businesses that … maintain personal information about Californians to provide reasonable security for that information." California law further requires, under subdivision (b) of Cal. Civil Code section 1798.81.5, "[a] business that … maintains personal information about a California resident shall implement and maintain reasonable security procedures and practices appropriate to the nature of the information, to protect the personal information from unauthorized access, destruction, use, modification, or disclosure."

39.    Notwithstanding its duties, on or about August 18, 2023, TESLA submitted to the California Attorney General and mailed to Plaintiff and the Class, a notice letter, on "Tesla" letterhead, dated August 18, 2023, entitled "**Notice of Data Breach**," signed "Steven Elentukh[,] Data Privacy Officer," an exemplar of which is attached hereto as **Exhibit A**, stating in part, "we are writing to tell you about a data incident that involved your information,"

- 19 -
Class Action Complaint

and informing them, in part, of "**What Happened [¶]** A foreign media outlet (named Handelsblatt) informed Tesla on May 10, 2023 that it had obtained Tesla confidential information. The investigation revealed that two former Tesla employees misappropriated the information ... and shared it with the media outlet. The outlet has stated that it does not intend to publish the personal information, and in any event, is legally prohibited from using it inappropriately." Additionally, TESLA's notice letter, by including "a complimentary one-year membership of Experian's IdentityWorks," as required by subparagraph (G) of paragraph (2) of subdivision (d) of Cal. Civil Code section 1798.82, TESLA has conceded that it "was the source of the breach."

40.     Based on the foregoing, Plaintiff alleges on information and belief that Plaintiff's and the Class Members' "personal information," as defined by subparagraph (A) of paragraph (1) of subdivision (d) of Cal. Civil Code section 1798.81.5, including their first names or first initials and the last names and Social Security numbers, maintained in an nonencrypted and nonredacted format, that was "misappropriated" by "two former Tesla employees" and "shared" with a "foreign media outlet (named Handelsblatt)," as determined by TESLA's investigation, was subject to an unauthorized access and acquisition or exfiltration, theft, or disclosure.

41.     Based on the foregoing, Plaintiff alleges on information and belief that Plaintiff's and the Class Members' "personal information," as defined by subparagraph (A) of paragraph (1) of subdivision (d) of Cal. Civil Code section 1798.81.5, including their first names or first initials and the last names and Social Security numbers, maintained in an nonencrypted and nonredacted format, that was "misappropriated" by "two former Tesla employees" and "shared" with a "foreign media outlet (named Handelsblatt)," as determined by TESLA's investigation, was subject to an unauthorized access and exfiltration, theft, or disclosure as a result of Defendant's violation of its duty to implement and maintain reasonable security procedures and practices appropriate to protect the personal information of Plaintiff and the Class, by maintaining Plaintiff's and the Class Members' "personal information," as defined by subparagraph (A) of paragraph (1) of subdivision (d) of Cal. Civil Code section

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1798.81.5, including their first names or first initials and the last names and Social Security numbers, on TESLA's computer network for longer than is reasonably necessary, by failing to properly and adequately educate and train its employees, and failing to encrypting Plaintiff's and the Class Members' "personal information," as defined by subparagraph (A) of paragraph (1) of subdivision (d) of Cal. Civil Code section 1798.81.5, including their first names or first initials and the last names and Social Security numbers.

42. Defendant knew, or should have known, that its network computer systems and data security practices were inadequate to safeguard Plaintiff's and the Class Members' "personal information," as defined by subparagraph (A) of paragraph (1) of subdivision (d) of Cal. Civil Code section 1798.81.5, including their first names or first initials and the last names and Social Security numbers, maintained in a nonencrypted and a nonredacted format, on TESLA's computer network, from unauthorized access and acquisition or exfiltration, and that such risk of access and acquisition or exfiltration was more likely than not. Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect Plaintiff's and the Class Members' "personal information," as defined by subparagraph (A) of paragraph (1) of subdivision (d) of Cal. Civil Code section 1798.81.5, including their first names or first initials and the last names and Social Security numbers, maintained on TESLA's computer network, by *inter alia* failing to encrypting Plaintiff's and the Class Members' "personal information," as defined by subparagraph (A) of paragraph (1) of subdivision (d) of Cal. Civil Code section 1798.81.5, including their first names or first initials and the last names and Social Security numbers, so in the event of unauthorized access and acquisition or exfiltration of Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of Cal. Civil Code section 1798.81.5 could not be read by an unauthorized third party.

43. Had TESLA taken appropriate preventive actions, encrypted Plaintiff's and the Class Members' "personal information," as defined by subparagraph (A) of paragraph (1) of subdivision (d) of Cal. Civil Code section 1798.81.5, including their first names or first initials and the last names and Social Security numbers, and fix the deficiencies in their policies and

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

procedures, as required by the CMIA, before May 10, 2023, TESLA could have prevented Plaintiff's and the Class Members' "personal information," as defined by subparagraph (A) of paragraph (1) of subdivision (d) of Cal. Civil Code section 1798.81.5, including their first names or first initials and the last names and Social Security numbers from being "misappropriated" by "two former Tesla employees" (presently unknown to Plaintiff), and "obtained" and "shared" with a "foreign media outlet (named Handelsblatt)," as conceded in TESLA's notice letter, on "Tesla" letterhead, dated August 18, 2023, entitled "**Notice of Data Breach**," signed "Steven Elentukh[,] Data Privacy Officer," an exemplar of which is attached hereto as **Exhibit A**.

44.     As a direct and proximate result of Defendant's failure of its duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information, and to protect Plaintiff's and the Class Members' "personal information," as defined by subparagraph (A) of paragraph (1) of subdivision (d) of Cal. Civil Code section 1798.81.5, including their first names or first initials and their last names and Social Security numbers, from unauthorized access or disclosure, Plaintiff's and the Class Members' nonencrypted and nonredacted "personal information," as defined by subparagraph (A) of paragraph (1) of subdivision (d) of Cal. Civil Code section 1798.81.5, was subject to an unauthorized access and acquisition or exfiltration, theft, or disclosure, Plaintiff and the Class have suffered damages as a result of the access and acquisition or exfiltration, theft, or disclosure their "personal information," as defined by subparagraph (A) of paragraph (1) of subdivision (d) of Cal. Civil Code section 1798.81.5, including their first names or first initials and their last names and Social Security numbers.

45.     As a direct and proximate result of TESLA's above-described conduct in violation of subdivision (b) of Cal. Civil Code section 1798.81.5, Plaintiff and the Class, whose "personal information," as defined by subparagraph (A) of paragraph (1) of subdivision (d) of Cal. Civil Code section 1798.81.5, including their first names or first initials and their last names and Social Security numbers, was subject to an unauthorized access and exfiltration, theft, or disclosure as a result of the business's violation of the duty to implement and maintain

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

reasonable security procedures and practices appropriate to the nature of the information to protect the personal information, are entitled to institute a civil action under paragraph (1) of subdivision (a) of Cal. Civil Code section 1798.150.

46.     Defendant has not corrected or publicly issued comprehensive corrective notices to Plaintiff and the Class, and has not corrected or enacted adequate privacy policies and procedures to protect and preserve confidentiality of personal information of Plaintiff and the Class in their possession.  In fact, TESLA's notice letter,  on "Tesla" letterhead, dated August 18, 2023, entitled "**Notice of Data Breach**," signed "Steven Elentukh[,] Data Privacy Officer," an exemplar of which is attached hereto as **Exhibit A**, makes clear that TESLA has made no changes to its security policies and practices by its statement under the section "**What We Are Doing**" that it "will continue to confirm its safeguards," and does not intend to adopt appropriate procedures to ensure the confidentiality and protection from unauthorized use and disclosure of Plaintiff's and the Class Members' "personal information," as defined by subparagraph (A) of paragraph (1) of subdivision (d) of Cal. Civil Code section 1798.81.5, including their first names or first initials and the last names and Social Security numbers.

47.     As a direct and proximate result of TESLA's above-described conduct in violation of subdivision (b) of Cal. Civil Code section 1798.81.5, Plaintiff, individually, and on behalf of the Class, seeks injunctive relief under paragraph (1) of subdivision (a) of Cal. Civil Code section 1798.150 from Defendant.

48.     As a direct and proximate result of TESLA's above-described conduct in violation of subdivision (b) of Cal. Civil Code section 1798.81.5, Plaintiff, individually, seeks actual pecuniary damages under paragraph (1) of subdivision (a) of Cal. Civil Code section 1798.150 from Defendant.

49.     On September 11, 2023, Plaintiff's counsel sent a CCPA notice letter to Defendant's principal place of business and registered service agent. If, within the 30 days of delivery of such CCPA notice letter, Defendant does not actually cure the noticed violation and provide Plaintiff with an express written statement that the violations have been cured and that no further violations shall occur (which Plaintiff believes any such cure is not possible under

Class Action Complaint

these facts and circumstances), pursuant to subdivision (b) of Cal. Civil Code section 1798.150, Plaintiff, individually, and on behalf of the Class, shall seek statutory damages in an amount not less than one hundred dollars ($100) and not greater than seven hundred and fifty ($750) per consumer per incident under paragraph (1) of subdivision (a) of Cal. Civil Code section 1798.150 from Defendant.

**SECOND CLAIM FOR RELIEF**
**Breach of California Security Notification Laws**
**Cal. Civil Code § 1798.82**
**(On Behalf of Plaintiff and the Class Against Defendant)**

50.     Plaintiff incorporates by reference all of the above paragraphs of this complaint as if fully stated herein.

51.     Under subdivision (a) of Cal. Civil Code section 1798.82, "A person or business that conducts business in California, and that owns or licenses computerized data that includes personal information, shall disclose a breach of the security of the system following discovery or notification of the breach in the security of the data to a resident of California (1) whose unencrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person, or, (2) whose encrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person and the encryption key or security credential was, or is reasonably believed to have been, acquired by an unauthorized person and the person or business that owns or licenses the encrypted information has a reasonable belief that the encryption key or security credential could render that personal information readable or usable. The disclosure shall be made in the most expedient time possible and without unreasonable delay, consistent with the legitimate needs of law enforcement, as provided in subdivision (c), or any measures necessary to determine the scope of the breach and restore the reasonable integrity of the data system."

52.     Subdivision (h) of Cal. Civil Code section 1798.82 further provides, "personal information" means "an individual's first name or first initial and last name in combination with any one or more of the following data elements, when either the name or the data elements

are not encrypted" and "Social security number."[3]

53.     Defendant conducts business in California, and owns or licenses computerized data which includes the personal information, within the meaning of subdivision (h) of Cal. Civil Code section 1798.82, of Plaintiff and the Class.

54.     Notwithstanding its duty to disclose the Data Breach in the most expedient time possible and without unreasonable delay, on or about August 18, 2023, TESLA submitted to the California Attorney General and mailed to Plaintiff and the Class, a notice letter,   on "Tesla" letterhead, dated August 18, 2023, entitled "**Notice of Data Breach**," signed "Steven Elentukh[,] Data Privacy Officer," an exemplar of which is attached hereto as **Exhibit A**, stating in part, "we are writing to tell you about a data incident that involved your information," and informing them, in part, of "**What Happened [¶]** A foreign media outlet (named Handelsblatt) informed Tesla on May 10, 2023 that it had obtained Tesla confidential

---

[3] "Personal information" as defined by subdivision (h) of Cal. Civil Code section 1798.82 means either of the following:

(1) An individual's first name or first initial and last name in combination with any one or more of the following data elements, when either the name or the data elements are not encrypted:

(A) Social security number.

(B) Driver's license number, California identification card number, tax identification number, passport number, military identification number, or other unique identification number issued on a government document commonly used to verify the identity of a specific individual.

(C) Account number or credit or debit card number, in combination with any required security code, access code, or password that would permit access to an individual's financial account.

(D) Medical information.

(E) Health insurance information.

(F) Unique biometric data generated from measurements or technical analysis of human body characteristics, such as a fingerprint, retina, or iris image, used to authenticate a specific individual. Unique biometric data does not include a physical or digital photograph, unless used or stored for facial recognition purposes.

(G) Information or data collected through the use or operation of an automated license plate recognition system, as defined in Section 1798.90.5.

(H) Genetic data.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class Action Complaint

information. The investigation revealed that two former Tesla employees misappropriated the information ... and shared it with the media outlet. The outlet has stated that it does not intend to publish the personal information, and in any event, is legally prohibited from using it inappropriately." Additionally, TESLA's notice letter, by including "a complimentary one-year membership of Experian's IdentityWorks," as required by subparagraph (G) of paragraph (2) of subdivision (d) of Cal. Civil Code section 1798.82, TESLA has conceded that it "was the source of the breach."

55.     Thus, as a result of TESLA's mailing of its notice letter, on "Tesla" letterhead, dated August 18, 2023, entitled "**Notice of Data Breach**," signed "Steven Elentukh[,] Data Privacy Officer," an exemplar of which is attached hereto as **Exhibit A**, to Plaintiff and the Class Members on or about August 18, 2023, Plaintiff and the Class have been injured by fact that Defendant did not disclose to them that their unencrypted personal information was, or was reasonably believed to have been, acquired by an unauthorized person in the most expedient time possible and without reasonable delay in violation of subdivision (a) of Cal. Civil Code section 1798.82. Specifically, Defendant waited more than 100 days before *beginning* to inform Plaintiff and the Class of this Data Breach by mailing of its "**Notice of Data Breach**" letter, an exemplar of which is attached as **Exhibit A**. Given the example of the Legislature finding that a delay of 21 days to be "late notice" under the statute, Defendant's delay of more than 100 days before *beginning* to mail "**Notice of Data Breach**" letter is presumptively unreasonable notice in violation of subdivision (a) of Cal. Civil Code section 1798.82.[4] Additionally, Defendant's "Notice of Data breach" letter failed to provide either "(i) the date of the breach, (ii) the estimated date of the breach, or (iii) the date range within which the breach occurred," when "two former Tesla employees" (not identified in TELSA's notification and unknown to Plaintiffs) in violation of subparagraph (C) of paragraph (2) of subdivision (d) of Cal. Civil

---

[4] Similarly, Defendant's delay of more than 60 days before beginning to mail "Notice of Data breach" letter is presumptively unreasonable notice under federal regulations that require HIPAA covered entities "without unreasonable delay and in no case later than 60 calendar days after discovery of the breach" to "notify each individual whose unsecured protected health information has been, or is reasonably believed by the covered entity to have been, accessed, acquired, used, or disclosed as a result of" a data breach. 45 C.F.R. § 164.404.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Code section 1798.82, failed to provide the "contact information of the reporting person or business subject to this section," in violation of subparagraph (A) of paragraph (2) of subdivision (d) of Cal. Civil Code section 1798.82, and failed to state whether notification was delayed as a result of a law enforcement investigation, in violation of subparagraph (D) of paragraph (2) of subdivision (d) of Cal. Civil Code section 1798.82. Defendant's delay of more than 100 days providing all of the information required by subdivision (d) of Cal. Civil Code section 1798.82 and in informing in the most expedient time possible and without reasonable delay as required by subdivision (a) of Cal. Civil Code section 1798.82, have prevented Plaintiff and the Class from taking steps in the most expedient time possible to protect their unencrypted personal information from unauthorized use and/or identify theft.

56.     As a direct and proximate result of TESLA's above-described conduct in violation of Cal. Civil Code section 1798.82, Plaintiff, individually, and on behalf of the Class, is entitled to seek recovery of their damages under subdivision (b) of Cal. Civil Code section 1798.84 and injunctive relief under subdivision (e) of Cal. Civil Code section 1798.84 from Defendant.

57.     Defendant has not corrected or publicly issued comprehensive corrective notices to Plaintiff and the Class, and has not corrected or enacted adequate privacy policies and procedures to protect and preserve confidentiality of personal information of Plaintiff and the Class in their possession. In fact, TESLA's "**Notice of Data Breach**" letter, an exemplar of which is attached as **Exhibit A**, makes clear that TESLA has made no changes to its security policies and practices by its statement under the section "**What We Are Doing**" that it "will continue to confirm its safeguards," and does not intend to adopt appropriate procedures to ensure the confidentiality and protection from unauthorized use and disclosure of Plaintiff's and the Class Members' information.

58.     As a direct and proximate result of TESLA's above-described conduct in violation of Cal. Civil Code section 1798.82, Plaintiff and Class Members have and will continue to suffer damages as alleged herein, in amounts according to proof at trial.

59.     As a direct and proximate result of TESLA's above-described conduct in

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

violation of Cal. Civil Code section 1798.82, Plaintiff, individually, and on behalf of the Class, seeks recovery of their damages under subdivision (b) of Cal. Civil Code section 1798.84 and injunctive relief under subdivision (e) of Cal. Civil Code section 1798.84 from Defendant.

## THIRD CLAIM FOR RELIEF
**Violations of the Confidentiality of Medical Information Act**
**California Civil Code §§ 56, et seq.**
**(On Behalf of Plaintiff and the Class Against Defendant)**

60. Plaintiff incorporates by reference all of the above paragraphs of this complaint as if fully stated herein.

61. At all times relevant to this action, including May 10, 2023, Defendant is an employer who received and maintained, and continues to maintain, "medical information,"[5]

---

[5] "Medical information" is defined under the CMIA at subdivision (i) of Cal. Civil Code section 56.05, as any individually identifiable information, in electronic or physical form, in possession of or derived from a provider of health care, health care service plan, pharmaceutical company, or contractor regarding a patient's medical history, mental health application information, mental or physical condition, or treatment. "Individually identifiable" means that the medical information includes or contains any element of personal identifying information sufficient to allow identification of the individual, such as the patient's name, address, electronic mail address, telephone number, or social security number, or other information that, alone or in combination with other publicly available information, reveals the identity of the individual. While Tesla's notice letter that Plaintiff received indicates that, "Any exposed health-related information did not include "medical practitioner records, detailed or sensitive medical diagnoses, or treatment information," such statement does not exclude such "health information" from the definition of "medical information" at subdivision (i) of Cal. Civil Code section 56.05 because "medical practitioner records, detailed or sensitive medical diagnoses, or treatment information" is merely a subset of the definition of "medical information," and such statement does not deny that either "patient's medical history" or "mental or physical condition" information meeting the definition of "medical information" at subdivision (i) of Cal. Civil Code section 56.05 was released in the Data Breach. Furthermore, the "health-related information" described in the TESLA's notice letter that Plaintiff received applies to the CCPA and cannot be read to be excluded under paragraph (1) of subdivision (a) of Cal. Civil Code section 56.05 because such "health-related information" was "confirmed" to be contained in "certain employee-related records" and collected and maintained "in the ordinary course of business in its capacity as an employer," as concede by TESLA in its notice letter, and was not collected by a covered entity or business associate, as required to fall within the exemption under paragraph (1) of subdivision (a) of Cal. Civil Code section 1798.146, Additionally, the "health-related information" described in the TESLA's notice letter that Plaintiff received applies to the CCPA and cannot be read to be excluded under subdivision (e) of Cal. Civil Code section 1798.81.5 because TESLA is not a provider of health care, health care service plan, or contractor regulated by the Confidentiality of Medical Information Act (Part 2.6 (commencing with Section 56) of Division 1), and is a covered entity governed by the

within the meaning of subdivision (i) of Cal. Civil Code § 56.05 of the California Confidentiality of Medical Information Act, Cal. Civil Code §§ 56, *et seq.* (the "CMIA") of Plaintiff and Class members who are similarly situated employees.

62.     As an employer who maintains medical information of its employees, TESLA is required by Cal. Civil Code § 56.20 of the CMIA to ensure that medical information regarding Plaintiff and Class is not disclosed or disseminated or released without Plaintiff's and Class Members' authorization, and to protect and preserve the confidentiality of the medical information regarding a patient.

63.     As an employer who maintains medical information of its employees, TESLA is required by Cal. Civil Code § 56.20 of the CMIA to ensure that medical information regarding Plaintiff and Class is not disclosed or disseminated or released without an authorization.[6]

---

medical privacy and security rules issued by the federal Department of Health and Human Services, Parts 160 and 164 of Title 45 of the Code of Federal Regulations, established under the Health Insurance Portability and Availability Act of 1996 (HIPAA).

[6] An "authorization" is defined under the CMIA as obtaining permission in accordance with Civil Code section 56.20.  Under Civil Code sections 56.11 and 56.21, an authorization for the release of medical information is valid only if it:

(a) Is handwritten by the person who signs it or is in a typeface no smaller than 14-point type.

(b) Is clearly separate from any other language present on the same page and is executed by a signature which serves no other purpose than to execute the authorization.

(c) Is signed and dated by one of the following:

(1) The patient. A patient who is a minor may only sign an authorization for the release of medical information obtained by a provider of health care, health care service plan, pharmaceutical company, or contractor in the course of furnishing services to which the minor could lawfully have consented under Part 1 (commencing with Section 25) or Part 2.7 (commencing with Section 60).

(2) The legal representative of the patient, if the patient is a minor or an incompetent. However, authorization may not be given under this subdivision for the disclosure of medical information obtained by the provider of health care, health care service plan, pharmaceutical company, or contractor in the course of furnishing services to which a minor patient could lawfully have consented under Part 1 (commencing with Section 25) or Part 2.7 (commencing with Section 60).

(3) The spouse of the patient or the person financially responsible for the patient, where the medical information is being sought for the sole purpose of processing an application for health insurance or for enrollment in a nonprofit hospital plan, a health care service plan, or an

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

64.     As an employer who maintains medical information of its employees, TESLA was and is required, by subdivision (a) of Cal. Civil Code § 56.20 of the CMIA, to "establish appropriate procedures to ensure the confidentiality and protection from unauthorized use and disclosure of that information. These procedures may include, but are not limited to, instruction regarding confidentiality of employees and agents handling files containing medical information, and security systems restricting access to files containing medical information."[7]

65.     Notwithstanding its duties under Cal. Civil Code § 56.20 of the CMIA, on or about August 18, 2023, TESLA submitted to the California Attorney General and mailed to Plaintiff and the Class, a notice letter, on "Tesla" letterhead, dated August 18, 2023, entitled "**Notice of Data Breach**," signed "Steven Elentukh[,] Data Privacy Officer," an exemplar of which is attached hereto as **Exhibit A**, stating in part, "we are writing to tell you about a data

---

employee benefit plan, and where the patient is to be an enrolled spouse or dependent under the policy or plan.

(4) The beneficiary or personal representative of a deceased patient.

(d) States the specific uses and limitations on the types of medical information to be disclosed.

(e) States the name or functions of the provider of health care, health care service plan, pharmaceutical company, or contractor that may disclose the medical information.

(f) States the name or functions of the persons or entities authorized to receive the medical information.

(g) States the specific uses and limitations on the use of the medical information by the persons or entities authorized to receive the medical information.

(h) States a specific date after which the provider of health care, health care service plan, pharmaceutical company, or contractor is no longer authorized to disclose the medical information.

(i) Advises the person signing the authorization of the right to receive a copy of the authorization.

[7] While Tesla's notice letter that Plaintiff received indicates that, "Any exposed health-related information did not include "medical practitioner records, detailed or sensitive medical diagnoses, or treatment information," such statement does not exclude such "health information" from the definition of "medical information" at subdivision (i) of Cal. Civil Code section 56.05 because "medical practitioner records, detailed or sensitive medical diagnoses, or treatment information" is merely a subset of the definition of "medical information," and such statement does not deny that either "patient's medical history" or "mental or physical condition" information meeting the definition of "medical information" at subdivision (i) of Cal. Civil Code section 56.05 was released in the Data Breach.

incident that involved your information," and informing them, in part, of "**What Happened [¶]** A foreign media outlet (named Handelsblatt) informed Tesla on May 10, 2023 that it had obtained Tesla confidential information. The investigation revealed that two former Tesla employees misappropriated the information ... and shared it with the media outlet. The outlet has stated that it does not intend to publish the personal information, and in any event, is legally prohibited from using it inappropriately." Additionally, the notice letter, on "Tesla" letterhead, dated August 18, 2023, entitled "**Notice of Data Breach**," signed "Steven Elentukh[,] Data Privacy Officer," an exemplar of which is attached hereto as **Exhibit A**, that was mailed to Plaintiff, and other Class Members who are similarly situated, stated in part, "We also arranged resources to determine what data was involved and identify potentially affected individuals. As discussed below, we recently confirmed that certain employee-related records were among the confidential information affected as part of this incident. [¶] **What Information Was Involved** [¶] The personal information involved concerns data for certain current and former employees, including your name, certain contact information (such as address, phone number, and/or email address), date of birth, social security number, [and] health-related information that Tesla maintains in the ordinary course of business in its capacity as an employer. Any exposed health-related information did not include medical practitioner records, detailed or sensitive medical diagnoses, or treatment information."

66.     At all times relevant to this action, including the period prior to and on May 10, 2023, Defendant negligently failed to establish appropriate procedures to ensure the confidentiality and protection from unauthorized use and disclosure of that information, as required by Cal. Civil Code section 56.20, including, but are not limited to, adequately train and instruct its employees regarding the handling records containing medical information, and security systems restricting access to files containing medical information necessary to preserve the confidentiality of the information, and negligently failed to protect and preserve confidentiality of Plaintiff's and the Class Members' medical information in its possession against unauthorized disclosure and/or release, including, but not limited to, by failing to implement adequate and reasonable security controls and user authorization and authentication

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

processes, failing to limit the types of data permitted to be transferred, failing to encrypt Plaintiff's and the Class Members' "medical information" as defined by subdivision (i) of Cal. Civil Code section 56.05(i), failing to have adequate privacy policies and procedures in place, as required by the CMIA, under subdivision (a) of Cal. Civil Code section 56.20 and subparagraph (E) of paragraph (2) of subdivision (e) of Cal. Civil Code section 56.36.

67.     Defendant knew, or should have known, that its network computer systems and data security practices were inadequate to safeguard Plaintiff's and the Class Members' Plaintiff's and the Class Members' "medical information" as defined by subdivision (i) of Cal. Civil Code section 56.05, maintained in a nonencrypted and a nonredacted format, on TESLA's computer network, from unauthorized access and acquisition or exfiltration, and that such risk of access and acquisition or exfiltration was more likely than not. Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect Plaintiff's and the Class Members' Plaintiff's and the Class Members' "medical information" as defined by subdivision (i) of Cal. Civil Code section 56.05, maintained on TESLA's computer network, by *inter alia* failing to encrypting Plaintiff's and the Class Members' Plaintiff's and the Class Members' "medical information" as defined by subdivision (i) of Cal. Civil Code section 56.05, so in the event of unauthorized access and acquisition or exfiltration of Plaintiff's and the Class Members' Plaintiff's and the Class Members' "medical information" as defined by subdivision (i) of Cal. Civil Code section 56.05, could not be read by an unauthorized third party.

68.     Had TESLA taken appropriate preventive actions, encrypted Plaintiff's and the Class Members' "medical information" as defined by subdivision (i) of Cal. Civil Code section 56.05, and fix the deficiencies in their policies and procedures, as required by the CMIA, before May 10, 2023, TESLA could have prevented Plaintiff's and the Class Members' "medical information" as defined by subdivision (i) of Cal. Civil Code section 56.05, from being "misappropriated" by "two former Tesla employees" (presently unknown to Plaintiff), and "obtained" and "shared" with a "foreign media outlet (named Handelsblatt)," as conceded in TESLA's notice letter, on "Tesla" letterhead, dated August 18, 2023, entitled "**Notice of**

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

**Data Breach**," signed "Steven Elentukh[,] Data Privacy Officer," an exemplar of which is attached hereto as **Exhibit A**.

69.     Prior to May 10, 2023, on a date TESLA fails to disclose in its notice letter (and presently unknown to Plaintiff), TESLA, by negligently maintaining Plaintiff's and the Class Members' medical information, allowed Plaintiff's and the Class Members' medical information to be obtained, misappropriated and viewed by "two former Tesla employees" (whom TESLA fails to identify in its notice letter and are presently unknown to Plaintiff) and shared, obtained and viewed by a "foreign media outlet (named Handelsblatt)," without first obtaining an authorization, constituting a disclosure in violation of Cal. Civil Code section 56.20 of the CMIA.

70.     As a direct and proximate result of TESLA's above-described conduct in violation of Cal. Civil Code section 56.20 of the CMIA, Plaintiff and Class Members have and will continue to suffer damages as alleged herein, in amounts according to proof at trial.

71.     As a direct and proximate result of TESLA's above-described conduct in violation of Cal. Civil Code section 56.20 of the CMIA, Plaintiff and the Class are entitled to recover "compensatory damages, punitive damages not to exceed three thousand dollars ($3,000), attorney's fees not to exceed one thousand dollars ($1,000), and the costs of litigation" under Cal. Civil Code section 56.35.

72.     As a result of TESLA's above-described conduct in violation of Cal. Civil Code section 56.20 of the CMIA, Plaintiff, individually, and on behalf of the Class, seeks compensatory damages, punitive damages not to exceed three thousand dollars ($3,000), attorney's fees not to exceed one thousand dollars ($1,000), and the costs of litigation according to proof under Cal. Civil Code section 56.35.

73.     As a direct and proximate result of TESLA's above-described conduct in violation of Cal. Civil Code section 56.20 of the CMIA, Plaintiff and the Class are entitled to recover, "against any person or entity who has negligently released confidential information or records concerning him or her in violation of this part, for either or both of the following: (1) ... nominal damages of one thousand dollars ($1,000). In order to recover under this paragraph, it

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

shall not be necessary that the plaintiff suffered or was threatened with actual damages. (2) The amount of actual damages, if any, sustained by the patient," under subdivision (b) of Cal. Civil Code section 56.36 of the CMIA.

74.     As a result of TESLA's above-described conduct in violation of Cal. Civil Code section 56.20 of the CMIA, Plaintiff, individually, and on behalf of the Class, seeks nominal damages of one thousand dollars ($1,000) for each violation under paragraph (1) of subdivision (b) of Cal. Civil Code section 56.36, and actual damages suffered, according to proof, for each violation paragraph (2) of subdivision (b) of under Cal. Civil Code section 56.36 from Defendant.

**FOURTH CLAIM FOR RELIEF**
**Unlawful and Unfair Business Acts and Practices in Violation of**
**California Business & Professions Code §17200, *et seq*.**
**(On Behalf of Plaintiff and the Class Against Defendant)**

75.     Plaintiff incorporates by reference all of the above paragraphs of this complaint as if fully stated herein.

76.     The acts and practices of Defendant as alleged herein constituted unlawful and unfair business acts and practices within the meaning of California Business & Professions Code sections 17200, *et seq*.

77.     By the aforementioned business acts or practices, Defendant has engaged in "unlawful" business acts and practices in violation of the aforementioned statutes, including Cal. Cal. Civil Code sections 1798.150, 1798.82, and 56.20. Plaintiff reserves the right to allege other violations of law committed by Defendant which constitute unlawful acts or practices within the meaning of California Business & Professions Code sections 17200, *et seq*.

78.     By the aforementioned business acts or practices, Defendant has also engaged in "unfair" business acts or practices in that the harm caused by Defendant's failure to maintain adequate information security policies, procedures, and practices, including but not limited to, failing to take adequate and reasonable measures to ensure its data systems were protected against unauthorized intrusions, failing to put into place reasonable or adequately computer systems and security practices to safeguard personal information including access restrictions

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

and encryption, failing to have adequate privacy policies and procedures in place that did not preserve the confidentiality of the personal information of Plaintiff and the Class in their possession, and failing to protect and preserve confidentiality of personal information of Plaintiff and the Class in their possession against disclosure and/or release, outweighs the utility of such conduct and such conduct offends public policy, is immoral, unscrupulous, unethical, deceitful, and offensive, and causes substantial injury to Plaintiff and the Class.

79.    Plaintiff and the Class have suffered an injury in fact by acquiring less in their employment with Defendant than they otherwise would have if Defendant would had adequately protected the confidentiality of their personal information.

80.    The aforementioned unlawful and unfair business acts or practices conducted by Defendant has been committed in the past and continues to this day. Defendant has failed to acknowledge the wrongful nature of its actions. Defendant has not corrected or publicly issued comprehensive corrective notices to Plaintiff and the Class, and has not corrected or enacted adequate privacy policies and procedures to protect and preserve confidentiality of personal information of Plaintiff and the Class in their possession. In fact, TESLA's notice letter, on "Tesla" letterhead, dated August 18, 2023, entitled "**Notice of Data Breach**," signed "Steven Elentukh[,] Data Privacy Officer," an exemplar of which is attached hereto as **Exhibit A**, makes clear that TESLA has made no changes to its security policies and practices by its statement under the section "**What We Are Doing**" that it "will continue to confirm its safeguards," and does not intend to adopt appropriate procedures to ensure the confidentiality and protection from unauthorized use and disclosure of Plaintiff's and the Class Members' information.

81.    Because of Defendant's aforementioned conduct, Plaintiff and the Class have no other adequate remedy of law in that absent injunctive relief from the Court and Defendant is likely to continue to injure Plaintiff and the Class.

82.    Under Business & Professions Code section 17203, Plaintiff and the Class seek an order of this Court for equitable and/or injunctive relief in the form of requiring Defendant to correct its illegal conduct that is necessary and proper to prevent Defendant from repeating

its illegal and wrongful practices as alleged above and protect and preserve confidentiality of personal information of Plaintiff and the Class in Defendant's possession that has already been subject to unauthorized access and acquisition or exfiltration, by least one unauthorized third party as a result of Defendant's aforementioned conduct. Under Business & Professions Code section 17203, Plaintiff and the Class further seek an order of this Court for equitable and/or injunctive relief in the form of requiring Defendant to publicly issue comprehensive corrective notices and to correct or enact adequate privacy policies and procedures to protect and preserve confidentiality of personal information of Plaintiff and the Class in its possession.

83.     Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and the Class also seek the recovery of attorneys' fees and costs in prosecuting this action against Defendant under Cal. Code of Civil Procedure section 1021.5 and other applicable law.

**FIFTH CLAIM FOR RELIEF**
**Negligence**
**(On Behalf of Plaintiff and the Class Against Defendant)**

84.     Plaintiff incorporates by reference all of the above paragraphs of this complaint as if fully stated herein.

85.     Defendant breached its duty to implement reasonable security procedures and practices appropriate to the nature of the personal information to protect the personal information of Plaintiff and Class Members from unauthorized or illegal access, destruction, use, modification, or disclosure in accordance with Cal. Civil Code sections 1798.81.5 and 56.20 in numerous ways, including but not limited to, by failing to implement adequate and reasonable security controls and user authorization and authentication processes, by failing to limit the types of data permitted to be transferred, by failing to encrypt Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code and subdivision (h) of Section 1798.82, including their first names or first initials and the last names and Social Security numbers, by maintaining Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Code and subdivision (h) of Section 1798.82, including their first names or first initials and the last names and Social Security numbers, for longer than is reasonably necessary, by failing to properly and adequately educate and train its employees, and by failing to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information in its possession.

86.     Defendant knew, or should have known, that its network computer systems and data security practices were inadequate to protect the personal information of Plaintiff and Class Members from unauthorized or illegal access, acquisition, use, or disclosure in accordance with Cal. Civil Code sections 1798.81.5 and 56.20 in a nonencrypted and a nonredacted format, prior to and on May 10, 2023, from unauthorized access and acquisition or exfiltration, and that such risk of access and acquisition or exfiltration was more likely than not.

87.     As a result of Defendant's failure to implement reasonable security procedures and practices, the personal information of Plaintiff and Class Members maintained in a nonencrypted and a nonredacted format, prior to and on May 10, 2023, was subject to unauthorized or illegal access, acquisition or exfiltration, theft, or disclosure.

88.     Plaintiff and Class Members' personal information would not have been subject to unauthorized or illegal access, acquisition or exfiltration, theft, or disclosure but for Defendant's wrongful and negligent breach of its duties to implement reasonable security procedures and practices.

89.     Defendant's failure to implement reasonable security procedures and practices appropriate to the nature of the personal information to protect the personal information of Plaintiff and Class Members from unauthorized or illegal access, acquisition, use, or disclosure, created conditions conducive to a foreseeable, intentional criminal act, namely the unauthorized or illegal access, acquisition or exfiltration, theft, or disclosure by at least one unauthorized third party, i.e. "two former Tesla employees" and the "foreign media outlet (named Handelsblatt)," as confirmed by TESLA's investigation, and stated in TESLA's notice letter, on "Tesla" letterhead, dated August 18, 2023, entitled "**Notice of Data Breach**," signed "Steven Elentukh[,] Data Privacy Officer," attached hereto as **Exhibit A**.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

90.    Defendant's aforementioned violations of the above described statutes create as presumption of negligence as each was enacted to protect a class of persons of which Plaintiff is a member against the type of harm that Plaintiff and Class Members suffered as a result of Defendant's aforementioned violations of the above described statutes.

91.    As a direct and proximate result of Defendant's aforementioned conduct, Plaintiff and Class Members have and will continue to suffer damages as alleged herein, in amounts according to proof at trial.

92.    As a direct and proximate result of Defendant's aforementioned conduct, Plaintiff, individually, and on behalf of the Class, seeks recovery of their damages as alleged herein, in amounts according to proof at trial, from Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, and on behalf of the Class, hereby respectfully requests that the Court grant Plaintiff and the proposed Class the following relief against Defendant:

### **As for the First Claim for Relief**

1.    For injunctive or declaratory relief under Cal. Civil Code section 1798.150(a)(1)(B);

2.    For actual pecuniary damages under Cal. Civil Code section 1798.150(b) according to proof to Plaintiff individually;

### **As for the Second Claim for Relief**

3.    For damages under Cal. Civil Code section 1798.84(b) according to proof to Plaintiff individually and to each member of the Class;

4.    For injunctive relief under Cal. Civil Code section 1798.84(e);

### **As for the Third Claim for Relief**

5.    For compensatory damages, punitive damages not to exceed three thousand dollars ($3,000), attorney's fees not to exceed one thousand dollars ($1,000), and the costs of litigation under Civil Code section 56.35 according to proof to Plaintiff individually and to each member of the Class;

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

6.     For nominal damages in the amount of one thousand dollar ($1,000) per violation under Civil Code section 56.36(b)(1) to Plaintiff individually and to each member of the Class and the Class;

7.     For actual damages under Civil Code section 56.36(b)(2) according to proof to Plaintiff individually and to each member of the Class per violation;

**As for the Fourth Claim for Relief**

8.     For injunctive relief in the form of an order instructing Defendant to implement reasonable security procedures and practices appropriate to the nature of the personal information to protect the personal information of Plaintiff and Class Members from unauthorized or illegal access, destruction, use, modification, or disclosure in accordance with section 1798.81.5 of the Cal. Civil Code;

9.     For injunctive relief in the form of an order instructing Defendant to prohibit the unauthorized or illegal access, destruction, use, modification, or disclosure of the personal information of Plaintiff and the Class, and to adequately maintain the confidentiality of the personal information of Plaintiff and the Class in its possession;

10.    For injunctive relief in the form of an order enjoining Defendant from disclosing the personal information of Plaintiff and the Class without the prior written authorization of each Plaintiff and Class Member;

**As for the Fifth Claim for Relief**

11.    For damages according to proof to Plaintiff individually and to each member of the Class;

**As to All Causes of Action**

12.    That the Court issue an Order certifying this action as a class action on behalf of the proposed Class, appointing Plaintiff as representative of the proposed Class, and appointing Plaintiff's attorneys, as counsel for members of the proposed Class;

13.    For an award of attorneys' fees as authorized by statute, including, but not limited to, the provisions of Cal. Code of Civil Procedure section 1021.5, and as authorized under the "common fund" doctrine, and as authorized by the "substantial benefit" doctrine;

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1   14.   For costs of the suit;

2   15.   For prejudgment interest at the legal rate; and

3   16.   Any such further relief as this Court deems necessary, just, and proper.

COHELAN KHOURY & SINGER
KEEGAN & BAKER, LLP

Dated: September 20, 2023        By:   s/Rosemary C. Khoury
                                        Timothy D. Cohelan
                                        Isam C. Khoury
                                        Rosemary C. Khoury
                                 Attorneys for Plaintiff DARNELL WILLIAMS, on
                                 behalf of himself and all others similarly situated

## **DEMAND FOR JURY TRIAL**

Plaintiff, individually, and on behalf of the Class, hereby demands a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

COHELAN KHOURY & SINGER
KEEGAN & BAKER, LLP

Dated: September 20, 2023        By:   s/Rosemary C. Khoury
                                        Timothy D. Cohelan
                                        Isam C. Khoury
                                        Rosemary C. Khoury
                                 Attorneys for Plaintiff DARNELL WILLIAMS, on
                                 behalf of himself and all others similarly situated

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 40 -