**SWIGART LAW GROUP, APC**
Joshua B. Swigart (SBN 225557)
Josh@SwigartLawGroup.com
2221 Camino del Rio S, Ste 308
San Diego, CA 92108
P: 866-219-3343
F: 866-219-8344

**BEN TRAVIS LAW, APC**
Ben Travis (SBN 305641)
ben@bentravislaw.com
4660 La Jolla Village Drive, Suite 100
San Diego, CA 92122
P: 619-353-7966

*Attorneys for Plaintiff*
*Benson Pai*

**MORGAN, LEWIS & BOCKIUS LLP**
Joseph Duffy, Bar No. 241854
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071
T: +1.213.612.2500
F: +1.213.612.2501
joseph.duffy@morganlewis.com

**FRESHFIELDS BRUCKHAUS DERINGER US LLP**
Gayle R. Klein (SBN 237975)
Gayle.Klein@freshfields.com
601 Lexington Ave., 31st Floor
New York, NY 10022
P: 212-230-4645

*Attorneys for Defendant*
*Tesla, Inc.*

**ARIAS SANGUINETTI WANG & TEAM LLP**
Mike Arias (CSB #115385)
Craig S. Momita (CSB #163347)
M. Anthony Jenkins (CSB #171958)
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045
Telephone: (310) 844-9696
Facsimile: (310) 861-0168
mike@aswtlawyers.com
craig@aswtlawyers.com
anthony@aswtlawyers.com

*Attorneys for Plaintiff*
*Tony Mata*

**COHELAN KHOURY & SINGER**
Timothy D. Cohelan (SBN 60827)
tcohelan@cklaw.com
Isam C. Khoury (SBN 58759)
ikhoury@cklaw.com
Rosemary C. Khoury (SBN 331307)
rkhoury@cklaw.com
605 C Street, Suite 200
San Diego, CA 92101
Telephone: (619) 595-3001/Facsimile: (619) 595-3000

*Attorneys for Plaintiff*
*Darnell Williams*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| 1 | BENSON PAI, an individual, on behalf of himself and all others similarly situated, | No.: 3:23-cv-04550-JD |
| 2 | | Assigned to: Hon. James Donato |
| 3 | Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| 4 | vs. | |
| 5 | TESLA, INC., d/b/a TESLA MOTORS, INC., | |
| 6 | | |
| 7 | Defendant. | |

TONY MATA, individually and on behalf of others similarly situated,

              Plaintiff,

          vs.

TESLA, INC., doing business in California as TESLA MOTORS, INC.; and DOES 1 through 10, Inclusive,

              Defendants.

No.: 4:23-cv-04626-JD

Assigned to: Hon. James Donato

DARNELL WILLIAMS, individually and on behalf of all others similarly situated,

              Plaintiff,

          vs.

TESLA, INC.,

              Defendant.

No.: 3:23-cv-04832-JD

Assigned to: Hon. James Donato

1

1  Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiffs Benson Pai,

2  Tony Mata, and Darnell Williams ("Plaintiffs") and Defendant Tesla Inc. ("Tesla"

3  or "Defendant") (jointly, the "Parties") jointly lodge the following report.

4  RELEVANT BACKGROUND INFORMATION

5  The three actions captioned above (the "Actions") each relate to the same

6  subject matter and purport to represent similar putative classes. *Pai* and *Williams*

7  already were assigned to this Court. *Mata* was pending before a different judge.

8  Given the similarity of the Actions, on December 4, 2023, the Parties submitted a

9  Joint Administrative Motion to Consider Whether Cases Should Be Related (ECF

10  No. 12) and a Joint Stipulation to Consolidate Related Actions and Set Deadlines

11  (ECF No. 13).  On December 11, 2023, the Court related all three Actions and

12  reassigned *Mata* to this Court.  The parties have conferred and agree that it would

13  be most judicially efficient to consolidate all three actions into the Pai action and

14  have the three named plaintiffs file an omnibus complaint to which Tesla may then

15  respond.

16  1.  JURISDICTION AND SERVICE

17  The *Pai* complaint asserts causes of action for: (1) negligence; (2) invasion of

18  privacy; (3) breach of implied contract; (4) breach of fiduciary duty; (5) breach of

19  confidence; (6) violation of the California Unfair Competition Law (Cal. Business

20  & Professions Code § 17200, et seq.) ("UCL"); (7) violation of the California

21  Customer Records Act ("CCRA") (Cal. Civ. Code § 1798.80, et seq.), and (8)

22  violation of the California Consumer Privacy Act ("CCPA") as a result of a data

23  incident occurring on or about August 18, 2023 (the "Data Incident").

24  The *Mata* complaint alleges causes of action for: (1) negligence; (2) violation

25  of the CCRA; (3) violation of the California Constitution's right to privacy; (3)

26  violation of the CCPA; and (4) violation of the UCL, as a result of the Data Incident.

27  The *Williams* complaint asserts causes of action for: (1) violation of the CCPA;

28  (2) violation of the CCRA; (3) violation of the Confidentiality of Medical

2

Information Act (Cal. Civ. Code § 56, et seq.); (4) violation of the UCL; and (5) negligence, as a result of the data incident.

Plaintiffs allege the court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. 1332(d) ("CAFA"), as Plaintiffs (California) and Defendant (Texas/Delaware) are diverse, there are over 100 alleged class members, and the amount in controversy exceeds $5 million.  Defendant was served in all three Actions and has made an appearance by counsel.

Defendant does not dispute that, if this case is justiciable in this court, the Court has subject matter jurisdiction pursuant to CAFA.  However, Defendant does not concede that the action is justiciable herein.  Prior to each Plaintiff commencing his employment with Defendant, he executed an arbitration agreement stating clearly that he would pursue any and all claims arising out of or relating to his employment in a binding arbitration administered by JAMS.  Among other reasons, given that this matter arises out of information that Plaintiffs provided Defendant solely for the purpose of gaining employment, it arises out of and relates to his employment.  Accordingly, in the first instance, Defendant intends to move to compel arbitration, which Plaintiffs have indicated that they will dispute.

2.    FACTS

Plaintiffs:  On or around August 18, 2023, Defendant issued a Notice of Data Breach (the "Notice") notifying employees of an incident involving potential unauthorized access to personal information. Specifically, Defendant's Notice stated, in part, "we are writing to tell you about a data incident that involved your information," and informed them, in part, of "**What Happened** [¶] A foreign media outlet (named Handelsblatt) informed Tesla on May 10, 2023 that it had obtained Tesla confidential information. The investigation revealed that two former Tesla employees misappropriated the information ... and shared it with the media outlet." (3:23-cv-04832-KAW, ECF 1-1.) Defendant provided this Notice to an undisclosed number of individuals, including the Plaintiffs.  Each Plaintiff received the August

1  2023 Notice from Defendant on or about August 18, 2023, informing him that his

2  Sensitive Information was present in the affected Tesla systems. The Notice

3  indicated the following information may have been compromised: name, certain

4  contact information (such as address, phone number, and/or email address), date of

5  birth and social security number.  Plaintiff Williams also alleges that certain

6  medical information may have been compromised.  The Actions followed.

7  Defendant:  This action involves a data incident where the perpetrators were

8  not anonymous hackers seeking to profit by selling personal data on the dark web,

9  but former Norway-based employees of the Defendant who abused their access and

10  shared information with a German media outlet, Handelsblatt, for attention.

11  Defendant contends that the Plaintiffs have not alleged that they have been harmed

12  or even have any tangible risk of future harm.  Instead, the Class Action Complaints

13  and documents incorporated by reference therein demonstrate that Handelsblatt

14  does not intend to publish any employee information and, in any event, is legally

15  prohibited from publishing it.  The Complaints further enunciate that Tesla

16  identified the perpetrators, caused the authorities to seize their electronic devices,

17  and obtained court orders that prohibit these two bad actors from further use or

18  dissemination of the data, subject to criminal penalties.  And Tesla went even

19  further.  It not only provided Plaintiffs with notice that their personal information

20  may have been involved in the incident, but also offered them complimentary credit

21  monitoring, identity detection, and resolution services.  Instead of taking advantage

22  of those free services, Plaintiffs filed these lawsuits lacking any reasonable basis

23  that they suffered any actual injury, and thus standing, and in violation of their

24  employment agreements in which they agreed to arbitrate any dispute arising out

25  of or relating to their employment with Tesla on an individual basis.

26  3.    LEGAL ISSUES

27  The Parties dispute whether these actions are justiciable herein or whether they

28  must be arbitrated.  The Parties further dispute whether Plaintiffs have failed to state

a claim, primarily because they dispute whether Plaintiffs have alleged that they have suffered any cognizable injury.  The Parties also dispute whether these actions may be appropriately maintained as class actions.

4.    MOTIONS

Pending motions include a Joint Stipulation to Consolidate Related Actions and Set Deadlines (ECF No. 13).  The Parties anticipate Defendant will file a motion to compel arbitration and to dismiss the action for failure to state a claim. Plaintiffs also anticipate filing a Motion for Class Certification.

5.    AMENDMENT OF PLEADINGS

The Parties have jointly requested in the Joint Stipulation to Consolidate Related Actions and Set Deadlines (ECF. No. 13) that Plaintiffs be permitted to file an amended, consolidated complaint.

6.    EVIDENCE PRESERVATION

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7.    DISCLOSURES

The Parties have agreed given the pending consolidation motion to exchange initial disclosures pursuant to Fed. R. Civ. P. 26 no later than 30 days after the initial case management conference.

8.    DISCOVERY

No discovery has taken place to date.  The Parties have not yet discussed entering into a stipulated e-discovery order but will discuss should the need for such an order arise.

Defendant proposes phased discovery, with limited class certification discovery to occur first. Plaintiffs do not agree to phase discovery. Plaintiffs intend

1  to seek discovery from Defendant and third-parties focused on the data incident,
2  Defendant's security policies and procedures, and Defendant's actions after the data
3  incident was discovered. Moreover, because certain facts of the Data Breach that
4  give rise to Plaintiffs' claims occurred in Norway and Germany, third-party
5  discovery will likely require the taking of discovery via the Hague Convention.
6  Plaintiffs intend to propound written discovery, conduct depositions and issue
7  subpoenas to third-parties.

8      Defendant opposes discovery on the merits of the claims prior to class
9  certification, and instead proposes phased discovery, with limited class certification
10 discovery to occur first. Defendant's position is that phased discovery would be
11 most efficient and avoid unnecessary costs, given that none of the discovery
12 Plaintiffs intend to seek relates to the elements of class certification, and Defendant
13 intends to argue that class certification would be improper.

14     9.     CLASS ACTION

15     Defendant proposes that the Court first rule on Defendant's motion to compel
16 arbitration or, alternatively, to dismiss.  Should the Court deny same, the Parties
17 will proceed according to a schedule for determination of class certification, which
18 provides for a period of time for limited class certification discovery as well as
19 briefing and a hearing on the merits.

20     Plaintiffs disagree that dispositive motions should be ruled upon first and
21 propose that class certification discovery not proceed separately from merits
22 discovery.

23     All attorneys of record for the Parties have reviewed the Procedural Guidance
24 for Class Action Settlements.

25     10.    RELATED CASES

26     As described above, the three Actions are related. A separate lawsuit arising
27 from the same incident, *Cobb v. Tesla, Inc.*, is pending in the Court of Common
28 Pleas in Pennsylvania, with case number 231202254.

11.   RELIEF

Plaintiffs seek the following forms of relief:

    a) Class certification under FRCP 23;

    b) Injunctive relief including but not limited to, injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and Class members;

    c) An award of compensatory, statutory, and nominal damages in an amount to be determined;

    d) An award for equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of Defendant's wrongful conduct;

    e) An award of reasonable attorneys' fees, costs, and litigation expenses, as allowable by law; and

    f) Such other and further relief as this Court may deem just and proper.

12.   SETTLEMENT AND ADR

There have been no settlement or ADR discussions to date.  The Parties respectfully submit that it is appropriate to consider ADR following a ruling on the upcoming dispositive motions.

13.   OTHER REFERENCES

Defendant contends that this action is suitable for reference to binding arbitration.  Plaintiffs disagree.

14.   NARROWING OF ISSUES

The Parties have identified that the following issues can be narrowed by motion: (1) whether the Actions are subject to binding arbitration; (2) whether Plaintiffs may maintain the Actions as a class, not only based upon Rule 23, but also based upon their employment agreements, in which Defendant alleges they agreed to pursue claims on an individual basis and not as representatives of a class;

and (3) whether Plaintiffs have suffered any cognizable damage sufficient to confer standing or otherwise state a claim.

15.    PROPOSED SCHEDULES

The Parties offer their competing proposed schedules below. The Parties note that both schedules propose a trial date that is more than 18 months from the initial case management conference, because the Parties anticipate additional time will be required for discovery given that facts that allegedly give rise to Plaintiffs' claims occurred in Norway and Germany and will likely require the taking of discovery via the Hague Convention.

Plaintiffs' proposed schedule includes merits discovery and provides additional time for class certification. Defendants propose class certification discovery close on December 19, 2024, and Plaintiffs oppose setting this deadline as Plaintiffs oppose the phasing of discovery and this deadline would interfere with Plaintiff's ability to complete necessary discovery of entities and persons with knowledge of material facts known to reside outside of the United States. Additionally, if the Court resets the hearing date or otherwise does not rule on the motion to compel arbitration by July 19, 2024, Plaintiff may request that the scheduling order be modified for good cause to allow more time for discovery, including continuing the class certification briefing dates. Defendant's proposed schedule includes a shorter period for class certification and would limit discovery only to matters reasonably connected to class certification prior to the Court's ruling on class certification.

Additionally, Defendant respectfully requests ten additional pages for its anticipated motion to compel arbitration or, in the alternative, to dismiss so that it may bring both motions in one brief given that they are interrelated, and Plaintiffs do not oppose this request.

Differences in the Parties' proposed schedules are highlighted in red font below.

| Deadline | Plaintiffs' Proposal | Defendant's Proposal |
|---|---|---|
| Plaintiffs shall file an omnibus complaint | March 21, 2024 | March 21, 2024 |
| Defendant shall answer, move or otherwise respond to the complaint | April 25, 2024 (and Defendant may have 25 pages for its opening brief) | April 25, 2024 (and Defendant may have 25 pages for its opening brief) |
| Plaintiffs shall file their opposition to any such motion | May 30, 2024 (and Plaintiffs may have 25 pages for their opposition) | May 30, 2024 (and Plaintiffs may have 25 pages for their opposition) |
| Defendant shall file its reply to the opposition | June 20, 2025 (and Defendant may have 15 pages for the reply) | June 20, 2025 (and Defendant may have 15 pages for the reply) |
| Defendant shall notice its motion for hearing for this date | July 19, 2024 (if the Court resets the hearing date or otherwise does not rule on the motion by July 19, 2024, Plaintiff may request that the scheduling order be modified for good cause to allow more time for discovery, including continuing the class certification briefing dates) | July 19, 2024 (if the Court resets the hearing date or otherwise does not rule on the motion by July 19, 2024, Plaintiff may request that the scheduling order be modified for good cause to allow more time for discovery, including continuing the class certification briefing dates) |
| Class certification discovery shall close | N/A | December 19, 2024 |
| Plaintiffs shall file their class certification brief | February 27, 2025 | January 9, 2025 |
| Defendant shall file its opposition to class | April 24, 2025 | February 27, 2025 |
| Plaintiffs shall file their reply to Tesla's opposition to class certification | June 19, 2025 | March 20, 2025 |
| Plaintiffs shall notice their class certification motion for hearing on this date | July 17, 2025 | April 3, 2025 |
| Fact discovery shall close | January 22, 2026 | December 19, 2025 |
| Plaintiffs shall serve their expert reports | February 27, 2026 | January 22, 2026 |
| Defendant shall serve its expert reports | March 26, 2026 | March 26, 2026 |
| Expert discovery shall close | April 23, 2026 | April 23, 2026 |

9

| Summary judgment motions shall be filed | May 21, 2026 | May 21, 2026 |
|---|---|---|
| Oppositions to summary judgment motions shall be filed | July 9, 2026 | July 9, 2026 |
| Replies to oppositions to summary judgment motions shall be filed | July 30, 2026 | July 30, 2026 |
| Federal Rule of Civil Procedure 26 pretrial disclosures and Daubert motions shall be filed | October 5, 2026 | October 5, 2026 |
| Oppositions and objections to pretrial disclosures and Daubert motions shall be filed | October 19, 2026 | October 19, 2026 |
| Trial on the merits | November 9, 2026 | November 9, 2026 |

16.   TRIAL

Defendant contends that the case must be tried to an arbitrator.   Plaintiffs contend that this is a jury proceeding and anticipate the trial will take two weeks.

17.   DISCLOSURE OF NON-PARTY INTERESTED PERSONS

The Parties have filed their Certifications of Interested Entities or Persons. There are no persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

18.   PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

19.   OTHER

1       Matters that may facilitate the just, speedy and inexpensive disposition of this

2   matter includes consolidating these actions, and entering the scheduling order as set

3   forth above including a deadline for the filing of an omnibus consolidated

4   complaint.

5

6   Dated: February 15, 2024               SWIGART LAW GROUP, APC

7                                    By  */s/ Joshua Swigart*

8                                       Joshua B. Swigart

9                                   *Attorneys for Plaintiff Benson Pai*
    *and the alleged class*

10  Dated: February 15, 2024               ARIAS SANGUINETTI WANG &
    TEAM LLP

11

12                                     By   */s/ Craig S. Momita*
    Craig S. Momita

13                                    *Attorneys for Plaintiff Tony Mata*
    *and the alleged class*

14

15  Dated: February 15, 2024               COHELAN KHOURY & SINGER

16                                     By  */s/ Patrick N. Keegan*

17                                      Patrick N. Keegan

18                                  *Attorneys for Plaintiff Darnell*
    *Williams and the alleged class*

19

20  Dated: February 15, 2024               FRESHFIELDS BRUCKHAUS
    DERINGER US LLP

21

22                                     By   */s/ Gayle R. Klein*
    Gayle R. Klein

23                                    *Attorneys for Defendant Tesla, Inc.*

24

25

26

27

28

US-LEGAL-12454015/1   176737-0012

1

## FILER'S ATTESTATION

2

3       Pursuant to Local Rule 5-1(i)(3) regarding signatures, I attest that all other

4   signatories listed, and on whose behalf this filing is submitted, concur in the

5   document's content, and have authorized the filing.

6

Dated: February 15, 2024                FRESHFIELDS BRUCKHAUS
7                                        DERINGER US LLP

8                                        By  */s/ Gayle R. Klein*
                                             Gayle R. Klein
9
                                         *Attorneys for Defendant Tesla, Inc.*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT
US-LEGAL-12454015/1   176737-0012          CASE NO. 3:23-CV-04832-JD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>CASE MANAGEMENT ORDER</u>

The above JOINT CASE MANAGEMENT STATEMENT &
PROPOSED ORDER is approved as the Case Management Order for
this case and all parties shall comply with its provisions.

IT IS SO ORDERED.
 Dated:

_____
                        UNITED STATES DISTRICT JUDGE

US-LEGAL-12454015/1  176737-0012