UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENSON PAI, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>TESLA INC.,<br><br>Defendant. | Case No. 3:23-cv-04550-JD<br><br>**ORDER RE CONSOLIDATION, INTERIM LEAD COUNSEL, AND ARBITRATION** |

Plaintiffs in three related putative class actions have sued defendant Tesla, Inc., over a data breach incident in May 2023. *See Pai v. Tesla, Inc.*, No. 3:22-cv-04550-JD, Dkt. No. 10; *Mata v. Tesla, Inc.*, No. 3:23-cv-04626-JD, Dkt. No. 19; *Williams v. Tesla, Inc.*, No. 3:23-cv-04832-JD, Dkt. No. 1. Plaintiffs state, and the record demonstrates, that these actions involve common questions of law and fact, arise from the same events, involve the same defendant, and allege similar claims and putative classes. *See* Dkt. Nos. 13 (parties' stipulation to consolidation), 23 (hearing on consolidation). Consequently, the cases are ordered consolidated into a single action as follows.

**CONSOLIDATION OF RELATED CASES**

1. This order applies to cases:
    a. 3:23-cv-04550-JD
    b. 3:23-cv-04626-JD
    c. 3:23-cv-04832-JD

2. Pursuant to Federal Rule of Civil Procedure 42(a), these cases are consolidated into Civil Action No. 23-4550 for all pretrial proceedings before this Court. All filings and submissions

from here on will be captioned: "*In re Tesla Employee Data Breach Litigation*" under the 3:23-cv-04550-JD case number.

3. All other underlying cases will be administratively closed by the Clerk of Court.

4. If a related action is subsequently filed or transferred to this District, it will be consolidated into this action for all pretrial purposes. This order will apply to every new related action, without further order of the Court. A party that objects to consolidation, or to any other provision of this order, may file an application for relief within 14 days after an order relating cases is filed.

5. This order is entered without prejudice to the rights of any party to apply for severance of any claim or action, for good cause shown.

6. Pretrial consolidation does not mean that the actions will necessarily be consolidated for trial. That issue will be decided later in the case. It also does not have the effect of making any entity a party in any action in which he, she, or it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

**MASTER DOCKET**

7. The docket in Civil Action No. 23-4550 will constitute the master docket, and the file in that action will be the master file for every action in the consolidated action.

8. When a pleading applies to some, but not all, of the member actions, the document must list the case number for each individual action to which the document applies immediately under the master caption. Any document not identified in that way will be presumed to apply to all member cases.

9. The parties must promptly file a motion to relate pursuant to Civil Local Rule 3-12 whenever a case that should be consolidated into this action is filed in, or transferred to, this District. If the Court determines that the case is related, the Clerk of the Court is requested to:

    a. file a copy of this order in the separate file for such action;

    b. serve on plaintiff's counsel in the case a copy of this order;

    c. direct that this order be served upon defendants in the new case; and

    d. make the appropriate entry in the master docket (No. 3:23-cv-04550-JD).

10. If there are any disputes about whether a new action should be related to this consolidated action, they must promptly be brought to the Court's attention or any objection may be deemed waived.

### INTERIM LEAD COUNSEL

11. Plaintiffs have jointly proposed Mike Arias of Arias Sanguinetti Wang & Team LLP to serve as interim lead counsel. Dkt. No 28. The Court's practice is to appoint a lawyer, and not a firm, as lead counsel. Consequently, pursuant to Federal Rule of Civil Procedure 23(g)(3), attorney Arias is appointed as interim lead class counsel. The appointment is without prejudice or presumption to consideration of other candidates for class counsel in the event a class is certified.

12. Interim lead counsel has complete authority over, and responsibility for, the representation of the putative class or classes. This includes, without limitation: (1) the initiation, response, scheduling, briefing, and argument related to all pleadings or motions; (2) the scope, order, and conduct of all discovery proceedings; (3) retaining common experts; (4) designating the appearance of plaintiffs' counsel at hearings and conferences; (5) leading common settlement negotiations and entering into prospective agreements with Tesla; (6) receiving and distributing among plaintiffs' counsel, as appropriate, notice of all Court orders and notices of pretrial conferences and acting as the primary contact between the Court and plaintiffs' counsel; (7) establishing and maintaining a depository for orders, pleadings, hearing transcripts, and all documents served upon plaintiffs' counsel; (8) establishing and maintaining a current master service list of counsel of record; (9) establishing procedures for submitting and reviewing periodic time and expense reports of plaintiffs' counsel to determine if the time and expenses are being spent appropriately and for the benefit of the putative class, including providing periodic reports to the Court if requested; and (10) all other pre-trial matters concerning the efficient and economical conduct of the consolidated action.

13. Interim lead counsel also has complete authority over, and responsibility for: (1) assigning work to other plaintiffs' counsel, as may be appropriate and in the putative class's best interest; (2) implementing time and expense recordkeeping policies; (3) collecting time and expense reports from all plaintiffs' counsel on a monthly basis; (4) acting as the treasurer for any litigation fund

3

1 assessments and expenses; and (5) otherwise ensuring that plaintiffs' counsel not perform common benefit work, bill for unnecessary read and review time, or attend hearings, depositions, or other events without interim lead counsel's authorization.

14. Tesla and its counsel may rely on the conduct and representations of interim lead counsel on behalf of the putative class for any issue in the litigation.

## FEES, COSTS, AND EXPENSES

15. At the close of each calendar month, interim lead counsel will make sure that all time has been entered by all timekeepers in final form. By 14 days after each month's end, interim lead counsel will ensure that a bill for the prior month is finalized, reflecting lead counsel's review of the billing records and any write-downs or write-offs by interim lead counsel for inefficiencies, duplication of effort, misjudgments in staffing, and the like. These final bills will be kept by lead counsel for each month, and may not be altered. Only these records, prepared contemporaneously with the expenditures, may be used for a fees and costs motion.

16. Time will be recorded in one-tenths of an hour.

17. Block-billing time records are not permitted. Time must instead be recorded by task. For example, an attorney may not record "7.8 hours" for "work on motion to dismiss opposition." Instead, the attorney must break out the 7.8 hours specifying the amount of time spent for each specific task performed, e.g., "review and analyze motion to dismiss brief (1.3); team meeting regarding arguments for opposition (.8); legal research re X argument (3.3); draft X section of opposition brief (2.4)."

18. Interim lead counsel are free to make staffing decisions as they deem appropriate, but the Court will not permit fees to be recovered for multiple attorneys performing duplicative work. For example, barring an unusual circumstance, only one lawyer should attend a deposition when defending it, and no more than two lawyers should attend when taking a deposition. The Court will not permit the recovery of fees for every attorney from every firm to review each discovery request and response, motion, letter, e-mail, etc. in the case. While each attorney should stay informed about the litigation, only the attorneys designated by interim lead counsel to review or summarize pleadings, orders, and communications are working for the common benefit of the

1   putative class, and only their time will be considered for possible payment at the conclusion of this
2   case.
3       19. The Court rarely finds that designation of multiple committees, e.g., separate discovery,
4   "liaison," "executive" committees, and so on, is useful or in the best interests of the putative class.
5   A proposed committee or similar structure should be supported by good reasons, or time spent by
6   counsel on a committee will not be compensated should fees and costs be awarded.
7       20. Air travel of less than six hours should be in coach class. Travel exceeding six hours of
8   flight time may be booked in business class. In all cases, flights should be booked at the lowest
9   available fare.
10      21. When overnight travel is necessary, counsel should be mindful in selecting reasonable
11  hotel accommodations and restaurants. Per diem expenses for travel days should not exceed $125
12  per person exclusive of lodging and transportation.
13      22. Failure to adhere to these guidelines -- or the spirit animating them -- will result in the
14  exclusion of consideration for the relevant fee or cost request.

## MOTION TO COMPEL ARBITRATION

16      23. Tesla may file a motion to compel arbitration by July 12, 2024. If Tesla does not intend to
17  seek arbitration, it will promptly advise the Court before this deadline. Pending further order,
18  Tesla need not otherwise respond to the complaint.
19      **IT IS SO ORDERED.**
20  Dated: May 30, 2024

JAMES DONATO
United States District Judge